1  SEDGWICK LLP
   MARTIN J. O'LEARY, State Bar No. 106546
2  *martin.oleary@sedgwicklaw.com*
   BRIAN HARRISON, State Bar No. 157123
3  *brian.harrison@sedgwicklaw.com*
   JASON J. CHORLEY, State Bar No. 263225
4  *jason.chorley@sedgwicklaw.com*
5  333 Bush Street, 30th Floor
   San Francisco, CA 94104-2834
6  Telephone: 415.781.7900

7
   Attorneys for Plaintiff
8  FEDERAL INSURANCE COMPANY

9  [ALL OTHER COUNSEL CAPTIONED IN SIGNATURE]

10

11

12              **UNITED STATES DISTRICT COURT**

13             **CENTRAL DISTRICT OF CALIFORNIA**

14                    **WESTERN DIVISION**

15

16  FEDERAL INSURANCE COMPANY,        Case No. 2:16-cv-09478-R-E
    an Indiana corporation, for itself and as
17  assignee of NIPPON STEEL &
    SUMITOMO METAL U.S.A., INC., a   **STIPULATED PROTECTIVE**
18  New York corporation, and WESTERN **ORDER**
    TUBE & CONDUIT CORPORATION,
19  a California corporation,

20            Plaintiff,

21      v.

22  CALIFORNIA METAL
    DISTRIBUTORS, a California
23  corporation; WOLF METALS, INC., a
    California corporation; VINCENT P.
24  GIOFFRE, an individual; and
    DOUGLAS CONRADO, an individual,
25  inclusive,

26            Defendants.

27

28

1    1.    A.    PURPOSES AND LIMITATIONS

2         Discovery in this action is likely to involve production of confidential,

3    proprietary, or private information for which special protection from public

4    disclosure and from use for any purpose other than prosecuting this litigation may

5    be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

6    enter the following Stipulated Protective Order.  The parties acknowledge that this

7    Order does not confer blanket protections on all disclosures or responses to

8    discovery and that the protection it affords from public disclosure and use extends

9    only to the limited information or items that are entitled to confidential treatment

10   under the applicable legal principles.  The parties further acknowledge, as set forth

11   in Section 12.3, below, that this Stipulated Protective Order does not entitle them to

12   file confidential information under seal; Civil Local Rule 79-5 sets forth the

13   procedures that must be followed and the standards that will be applied when a party

14   seeks permission from the court to file material under seal.

15        B.    GOOD CAUSE STATEMENT

16        This action is likely to involve trade secrets, commercial, financial, technical

17   and/or proprietary information for which special protection from public disclosure

18   and from use for any purpose other than prosecution of this action is warranted.

19   Such confidential and proprietary materials and information consist of, among other

20   things, confidential business or financial information, information regarding

21   confidential business practices, or other confidential research, development, or

22   commercial information (including information implicating privacy rights of third

23   parties), information otherwise generally unavailable to the public, or which may be

24   privileged or otherwise protected from disclosure under state or federal statutes,

25   court rules, case decisions, or common law. Accordingly, to expedite the flow of

26   information, to facilitate the prompt resolution of disputes over confidentiality of

27   discovery materials, to adequately protect information the parties are entitled to keep

28   confidential, to ensure that the parties are permitted reasonable necessary uses of

1  such material in preparation for and in the conduct of trial, to address their handling
2  at the end of the litigation, and serve the ends of justice, a protective order for such
3  information is justified in this matter. It is the intent of the parties that information
4  will not be designated as confidential for tactical reasons and that nothing be so
5  designated without a good faith belief that it has been maintained in a confidential,
6  non-public manner, and there is good cause why it should not be part of the public
7  record of this case.

8      C.   ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER
9          SEAL

10      The parties further acknowledge, as set forth in Section 12.3, below, that this
11  Stipulated Protective Order does not entitle them to file confidential information
12  under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed
13  and the standards that will be applied when a party seeks permission from the court
14  to file material under seal.

15      There is a strong presumption that the public has a right of access to judicial
16  proceedings and records in civil cases. In connection with non-dispositive motions,
17  good cause must be shown to support a filing under seal. *See Kamakana v. City and*
18  *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*
19  *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*
20  *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders
21  require good cause showing), and a specific showing of good cause or compelling
22  reasons with proper evidentiary support and legal justification, must be made with
23  respect to Protected Material that a party seeks to file under seal. The parties' mere
24  designation of Disclosure or Discovery Material as CONFIDENTIAL does not—
25  without the submission of competent evidence by declaration, establishing that the
26  material sought to be filed under seal qualifies as confidential, privileged, or
27  otherwise protectable—constitute good cause.

28      Further, if a party requests sealing related to a dispositive motion or trial, then

Sedgwick™

1    compelling reasons, not only good cause, for the sealing must be shown, and the
2    relief sought shall be narrowly tailored to serve the specific interest to be protected.
3    *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-79 (9th Cir. 2010). For
4    each item or type of information, document, or thing sought to be filed or introduced
5    under seal in connection with a dispositive motion or trial, the party seeking
6    protection must articulate compelling reasons, supported by specific facts and legal
7    justification, for the requested sealing order. Again, competent evidence supporting
8    the application to file documents under seal must be provided by declaration.

9         Any document that is not confidential, privileged, or otherwise protectable in
10   its entirety will not be filed under seal if the confidential portions can be redacted. If
11   documents can be redacted, then a redacted version for public viewing, omitting
12   only the confidential, privileged, or otherwise protectable portions of the document,
13   shall be filed. Any application that seeks to file documents under seal in their
14   entirety should include an explanation of why redaction is not feasible.

15   2.   DEFINITIONS

16        2.1 Action:  the above captioned pending federal law suit.

17        2.2 Challenging Party:  a Party or Non-Party that challenges the designation
18   of information or items under this Order.

19        2.3 "CONFIDENTIAL" Information or Items: information (regardless of how
20   it is generated, stored or maintained) or tangible things that qualify for protection
21   under Federal Rule of Civil Procedure 26(c), and as specified above in the Good
22   Cause Statement.

23        2.4 Counsel: Outside Counsel of Record and House Counsel (as well as their
24   support staff).

25        2.5 Designating Party: a Party or Non-Party that designates information or
26   items that it produces in disclosures or in responses to discovery as
27   "CONFIDENTIAL."

28        2.6 Disclosure or Discovery Material: all items or information, regardless of

Sedgwick

1  the medium or manner in which it is generated, stored, or maintained (including,
2  among other things, testimony, transcripts, and tangible things), that are produced or
3  generated in disclosures or responses to discovery in this matter.

4      2.7 Expert: a person with specialized knowledge or experience in a matter
5  pertinent to the litigation who has been retained by a Party or its counsel to serve as
6  an expert witness or as a consultant in this Action.

7      2.8 House Counsel: attorneys who are employees of a party to this Action.
8  House Counsel does not include Outside Counsel of Record or any other outside
9  counsel.

10      2.9 Non-Party: any natural person, partnership, corporation, association, or
11  other legal entity not named as a Party to this action.

12      2.10 Outside Counsel of Record: attorneys who are not employees of a party
13  to this Action but are retained to represent or advise a party to this Action and have
14  appeared in this Action on behalf of that party or are affiliated with a law firm which
15  has appeared on behalf of that party, and includes support staff.

16      2.11 Party: any party to this Action, including all of its officers, directors,
17  employees, consultants, retained experts, and Outside Counsel of Record (and their
18  support staffs).

19      2.12 Producing Party: a Party or Non-Party that produces Disclosure or
20  Discovery Material in this Action.

21      2.13 Professional Vendors: persons or entities that provide litigation support
22  services (e.g., photocopying, videotaping, translating, preparing exhibits or
23  demonstrations, and organizing, storing, or retrieving data in any form or medium)
24  and their employees and subcontractors.

25      2.14 Protected Material: any Disclosure or Discovery Material that is
26  designated as "CONFIDENTIAL."

27      2.15 Receiving Party: a Party that receives Disclosure or Discovery Material
28  from a Producing Party.

Sedgwick LLP

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

1  purpose (e.g., to unnecessarily encumber the case development process or to impose
2  unnecessary expenses and burdens on other parties) may expose the Designating
3  Party to sanctions.

4      If it comes to a Designating Party's attention that information or items that it
5  designated for protection do not qualify for protection, that Designating Party must
6  promptly notify all other Parties that it is withdrawing the inapplicable designation.

7      5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this
8  Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
9  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
10 under this Order must be clearly so designated before the material is disclosed or
11 produced.

12     Designation in conformity with this Order requires:

13     (a) for information in documentary form (e.g., paper or electronic documents,
14 but excluding transcripts of depositions or other pretrial or trial proceedings), that
15 the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter
16 "CONFIDENTIAL legend"), to each page that contains protected material. If only a
17 portion or portions of the material on a page qualifies for protection, the Producing
18 Party also must clearly identify the protected portion(s) (e.g., by making appropriate
19 markings in the margins).

20     A Party or Non-Party that makes original documents available for inspection
21 need not designate them for protection until after the inspecting Party has indicated
22 which documents it would like copied and produced. During the inspection and
23 before the designation, all of the material made available for inspection shall be
24 deemed "CONFIDENTIAL." After the inspecting Party has identified the
25 documents it wants copied and produced, the Producing Party must determine which
26 documents, or portions thereof, qualify for protection under this Order. Then, before
27 producing the specified documents, the Producing Party must affix the
28 "CONFIDENTIAL legend" to each page that contains Protected Material. If only a

Sedgwick<sub>LLP</sub>

1    portion or portions of the material on a page qualifies for protection, the Producing

2    Party also must clearly identify the protected portion(s) (e.g., by making appropriate

3    markings in the margins)

4        (b) for testimony given in depositions that the Designating Party identifies the

5    Disclosure or Discovery Material on the record, before the close of the deposition all

6    protected testimony.

7        (c) for information produced in some form other than documentary and for

8    any other tangible items, that the Producing Party affix in a prominent place on the

9    exterior of the container or containers in which the information is stored the legend

10   "CONFIDENTIAL." If only a portion or portions of the information warrants

11   protection, the Producing Party, to the extent practicable, shall identify the protected

12   portion(s).

13       5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent

14   failure to designate qualified information or items does not, standing alone, waive

15   the Designating Party's right to secure protection under this Order for such material.

16   Upon timely correction of a designation, the Receiving Party must make reasonable

17   efforts to assure that the material is treated in accordance with the provisions of this

18   Order.

19   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

20       6.1 Timing of Challenges. Any Party or Non-Party may challenge a

21   designation of confidentiality at any time that is consistent with the Court's

22   Scheduling Order.

23       6.2 Meet and Confer. The Challenging Party shall initiate the dispute

24   resolution process under Local Rule 37.1 et seq.

25       6.3 The burden of persuasion in any such challenge proceeding shall be on the

26   Designating Party. Frivolous challenges, and those made for an improper purpose

27   (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

28   expose the Challenging Party to sanctions. Unless the Designating Party has waived

1 | or withdrawn the confidentiality designation, all parties shall continue to afford the
2 | material in question the level of protection to which it is entitled under the
3 | Producing Party's designation until the Court rules on the challenge.

4 | 7.     ACCESS TO AND USE OF PROTECTED MATERIAL

5 |     7.1 Basic Principles. A Receiving Party may use Protected Material that is
6 | disclosed or produced by another Party or by a Non-Party in connection with this
7 | Action only for prosecuting, defending, or attempting to settle this Action. Such
8 | Protected Material may be disclosed only to the categories of persons and under the
9 | conditions described in this Order. When the Action has been terminated, a
10 | Receiving Party must comply with the provisions of section 13 below (FINAL
11 | DISPOSITION).

12 |     Protected Material must be stored and maintained by a Receiving Party at a
13 | location and in a secure manner that ensures that access is limited to the persons
14 | authorized under this Order.

15 |     7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise
16 | ordered by the court or permitted in writing by the Designating Party, a Receiving
17 | Party may disclose any information or item designated "CONFIDENTIAL" only to:

18 |     (a) the Receiving Party's Outside Counsel of Record in this Action, as well as
19 | employees of said Outside Counsel of Record to whom it is reasonably necessary to
20 | disclose the information for this Action;

21 |     (b) the officers, directors, and employees (including House Counsel) of the
22 | Receiving Party to whom disclosure is reasonably necessary for this Action;

23 |     (c) Experts (as defined in this Order) of the Receiving Party to whom
24 | disclosure is reasonably necessary for this Action and who have signed the
25 | "Acknowledgment and Agreement to Be Bound" (Exhibit A);

26 |     (d) the court and its personnel;

27 |     (e) court reporters and their staff;

28 |     (f) professional jury or trial consultants, mock jurors, and Professional

Sedgwick LLP

1   Vendors to whom disclosure is reasonably necessary for this Action and who have
2   signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

3       (g) the author or recipient of a document containing the information or a
4   custodian or other person who otherwise possessed or knew the information;

5       (h) during their depositions, witnesses, and attorneys for witnesses, in the
6   Action to whom disclosure is reasonably necessary provided: (1) the deposing party
7   requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will
8   not be permitted to keep any confidential information unless they sign the
9   "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise
10  agreed by the Designating Party or ordered by the court. Pages of transcribed
11  deposition testimony or exhibits to depositions that reveal Protected Material may
12  be separately bound by the court reporter and may not be disclosed to anyone except
13  as permitted under this Stipulated Protective Order; and

14      (i) any mediator or settlement officer, and their supporting personnel,
15  mutually agreed upon by any of the parties engaged in settlement discussions.

16  8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
17         IN OTHER LITIGATION

18      If a Party is served with a subpoena or a court order issued in other litigation
19  that compels disclosure of any information or items designated in this Action as
20  "CONFIDENTIAL," that Party must:

21      (a) promptly notify in writing the Designating Party. Such notification shall
22  include a copy of the subpoena or court order;

23      (b) promptly notify in writing the party who caused the subpoena or order to
24  issue in the other litigation that some or all of the material covered by the subpoena
25  or order is subject to this Protective Order. Such notification shall include a copy of
26  this Stipulated Protective Order; and

27      (c) cooperate with respect to all reasonable procedures sought to be pursued
28  by the Designating Party whose Protected Material may be affected.

1    If the Designating Party timely seeks a protective order, the Party served with

2    the subpoena or court order shall not produce any information designated in this

3    action as "CONFIDENTIAL" before a determination by the court from which the

4    subpoena or order issued, unless the Party has obtained the Designating Party's

5    permission. The Designating Party shall bear the burden and expense of seeking

6    protection in that court of its confidential material and nothing in these provisions

7    should be construed as authorizing or encouraging a Receiving Party in this Action

8    to disobey a lawful directive from another court.

9    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

10           PRODUCED IN THIS LITIGATION

11           (a) The terms of this Order are applicable to information produced by a Non-

12   Party in this Action and designated as "CONFIDENTIAL." Such information

13   produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order. Nothing in these provisions should be

15   construed as prohibiting a Non-Party from seeking additional protections.

16           (b) In the event that a Party is required, by a valid discovery request, to

17   produce a Non-Party's confidential information in its possession, and the Party is

18   subject to an agreement with the Non-Party not to produce the Non-Party's

19   confidential information, then the Party shall:

20           (1) promptly notify in writing the Requesting Party and the Non-Party

21   that some or all of the information requested is subject to a confidentiality

22   agreement with a Non-Party;

23           (2) promptly provide the Non-Party with a copy of the Stipulated

24   Protective Order in this Action, the relevant discovery request(s), and a reasonably

25   specific description of the information requested; and

26           (3) make the information requested available for inspection by the Non-

27   Party, if requested.

28           (c) If the Non-Party fails to seek a protective order from this court within 14

Sedgwick<sub>LLP</sub>

1 | days of receiving the notice and accompanying information, the Receiving Party
2 | may produce the Non-Party's confidential information responsive to the discovery
3 | request. If the Non-Party timely seeks a protective order, the Receiving Party shall
4 | not produce any information in its possession or control that is subject to the
5 | confidentiality agreement with the Non-Party before a determination by the court.
6 | Absent a court order to the contrary, the Non-Party shall bear the burden and
7 | expense of seeking protection in this court of its Protected Material.

8 | 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

9 |         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed
10 | Protected Material to any person or in any circumstance not authorized under this
11 | Stipulated Protective Order, the Receiving Party must immediately (a) notify in
12 | writing the Designating Party of the unauthorized disclosures, (b) use its best efforts
13 | to retrieve all unauthorized copies of the Protected Material, (c) inform the person or
14 | persons to whom unauthorized disclosures were made of all the terms of this Order,
15 | and (d) request such person or persons to execute the "Acknowledgment and
16 | Agreement to Be Bound" that is attached hereto as Exhibit A.

17 | 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE
18 |        PROTECTED MATERIAL

19 |         When a Producing Party gives notice to Receiving Parties that certain
20 | inadvertently produced material is subject to a claim of privilege or other protection,
21 | the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
22 | Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
23 | may be established in an e-discovery order that provides for production without
24 | prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
25 | as the parties reach an agreement on the effect of disclosure of a communication or
26 | information covered by the attorney-client privilege or work product protection, the
27 | parties may incorporate their agreement in the stipulated protective order submitted
28 | to the court.

1  12.    MISCELLANEOUS

2        12.1 Right to Further Relief. Nothing in this Order abridges the right of any

3  person to seek its modification by the Court in the future.

4        12.2 Right to Assert Other Objections. By stipulating to the entry of this

5  Protective Order no Party waives any right it otherwise would have to object to

6  disclosing or producing any information or item on any ground not addressed in this

7  Stipulated Protective Order. Similarly, no Party waives any right to object on any

8  ground to use in evidence of any of the material covered by this Protective Order

9        12.3 Filing Protected Material. A Party that seeks to file under seal any

10  Protected Material must comply with Civil Local Rule 79-5. Protected Material may

11  only be filed under seal pursuant to a court order authorizing the sealing of the

12  specific Protected Material at issue. If a Party's request to file Protected Material

13  under seal is denied by the court, then the Receiving Party may file the information

14  in the public record unless otherwise instructed by the court.

15  13.    FINAL DISPOSITION

16        After the final disposition of this Action, as defined in paragraph 4, within 60

17  days of a written request by the Designating Party, each Receiving Party must return

18  all Protected Material to the Producing Party or destroy such material.  As used in

19  this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

20  summaries, and any other format reproducing or capturing any of the Protected

21  Material.  Whether the Protected Material is returned or destroyed, the Receiving

22  Party must submit a written certification to the Producing Party (and, if not the same

23  person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

24  (by category, where appropriate) all the Protected Material that was returned or

25  destroyed and (2)affirms that the Receiving Party has not retained any copies,

26  abstracts, compilations, summaries or any other format reproducing or capturing any

27  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

28  retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

1   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert
2   reports, attorney work product, and consultant and expert work product, even if such
3   materials contain Protected Material.  Any such archival copies that contain or
4   constitute Protected Material remain subject to this Protective Order as set forth in
5   Section 4 (DURATION).
6   14. Any violation of this Order may be punished by any and all appropriate
7   measures including, without limitation, contempt proceedings and/or monetary
8   sanctions
9         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
10  Dated:  August 7, 2017            Respectfully submitted,
11                                    **SEDGWICK LLP**
12
                                      By: */s/ Jason J. Chorley*
13                                         Martin J. O'Leary
                                           Brian D. Harrison
14                                         Jason J. Chorley
15                                         Attorneys for Plaintiff
                                           FEDERAL INSURANCE COMPANY
16
17  Dated:  August 7, 2017            Respectfully submitted,
18                                    **JEFFREY S. SHINBROT, APLC**
19
                                      By: */s/ Jeffrey S. Shinbrot*
20                                         Jeffrey S. Shinbrot, SBN 155486
                                           *jeffrey@shinbrotfirm.com*
21                                         8200 Wilshire Blvd., Suite 400
22                                         Beverly Hills, CA 90211
                                           Telephone: 310.659.5444
23                                         Attorneys for Defendant
24                                         CALIFORNIA METAL DISTRIBUTORS
25
26
27
28

1    Dated:  August 7, 2017                Respectfully submitted,

2                                          **FERRUZZO & FERRUZZO, LLP**

3
                                           By: /s/ James F. Rumm
4                                              Gregory J. Ferruzzo, SBN 165782
                                               gferruzzo@ferruzzo.com
5                                              James F. Rumm, SBN 224412
                                               jrumm@ferruzzo.com
6                                              3737 Birch Street, Suite 400
7                                              Newport Beach, California 92660
                                               Telephone: 949.608.6900
8                                              Attorneys for Defendant
9                                              WOLF METALS, INC.

10
     Dated:  August 7, 2017                Respectfully submitted,
11
                                           **THOMAS W. KIELTY**
12

13                                         By: /s/ Thomas W. Kielty
                                               Thomas W. Kielty, SBN 164186
14                                             tomkielty@earthlink.net
                                               4640 Admiralty Way, Suite 500
15                                             Marina Del Rey, CA 90292
                                               Telephone: 310.393.0515
16

17                                             Attorneys for Defendant
                                               DOUGLAS CONRADO
18

19

20
     FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.
21
     DATED:  8/7/17
22

23

24

     HON. CHARLES F. EICK
25   United States Magistrate Judge

26

27

28

**Attestation**

    Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Jason J. Chorley, attest that all other signatories listed herein, and on whose behalf this filing is being submitted, concur in this filing's content and have authorized the filing.

Dated:  August 7, 2017         **SEDGWICK LLP**

                          By: */s/ Jason J. Chorley*
                              Martin J. O'Leary
                              Brian D. Harrison
                              Jason J. Chorley
                              Attorneys for Plaintiff
                              FEDERAL INSURANCE COMPANY

Sedgwick LLP

# **EXHIBIT A**

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Federal Insurance Company v. California Metal*

*Distributors*, Case No. 2:16-cv-09478-R-E . I agree to comply with and to be bound

by all the terms of this Stipulated Protective Order and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt. I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of

this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____